An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY HOUTZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60858

FILED

MAR 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

First, appellant Gregory Houtz argues that the district court erred by refusing his proposed jury instructions, which stated that one cannot be found guilty of a home invasion or burglary of his own residence and defined residence using language from a jurisdictional statute.[1] The district court denied Houtz's proposed instructions because it concluded that they were not correct statements of the law. See Carter v. State, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005) (a defendant is not entitled to an inaccurate jury instruction). The burglary statute does not prohibit a conviction for burglary of one's own residence. See NRS 205.060(1) ("A person who, by day or night, enters any house, room, or apartment . . . with the intent to commit . . . assault or battery on any person . . . is guilty

---

[1]To the extent that Houtz challenges the district court's refusal of his proposed instructions related to the home invasion charge, we decline to consider his argument because the charge was ultimately dismissed.

13-07690

of burglary."). Moreover, even assuming that Houtz's proposed instruction was a correct statement of the law, any error in failing to give the instruction was harmless beyond a reasonable doubt as the evidence was overwhelming that Houtz entered a residence that was not his own with the intent to commit a felony therein. See id.; Estes v. State, 122 Nev. 1123, 1138, 146 P.3d 1114, 1124 (2006). Houtz's name was not on the lease, he did not have a key, he did not pay rent, and he lived in another apartment in the same complex. Any prior permission that Houtz had to enter the residence was clearly revoked when the victim left Houtz at a store and refused to let him in when he returned to her apartment and began angrily knocking on her locked door. Houtz then broke down the door and immediately attacked the victim. We conclude that Houtz is not entitled to relief on this claim.

Second, Houtz argues that the prosecutor inappropriately commented on Houtz's right to remain silent when he twice asked in closing argument why Houtz never said he lived at the residence in question. Because Houtz did not object to the statements, we review them for plain error affecting his substantial rights. See Dieudonne v. State, 127 Nev. ___, ___, 245 P.3d 1202, 1204-05 (2011). The prosecutor's first statement referenced a notable omission during Houtz's conversation with police while he was not in custody and thus did not reference his right to remain silent. See State v. Taylor, 114 Nev. 1071, 1081-83, 968 P.2d 315, 322-24 (1998) (non-custodial statements are admissible); Murray v. State, 113 Nev. 11, 17 n.1, 930 P.2d 121, 125 n.1 (1997) (comments on pre-arrest silence are not improper). The prosecutor's second statement referenced a recorded conversation where Houtz referred to the apartment as the victim's and thus did not directly or indirectly comment on Houtz's

decision not to testify at trial. <u>See</u> <u>Harkness v. State</u>, 107 Nev. 800, 803, 820 P.2d 759, 761 (1991). We conclude that Houtz fails to demonstrate plain error.

Having considered Houtz's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Janet J. Berry, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk